UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMAD A. HASHMI, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-1738 |
| | § | |
| GAIL WILSON et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In its Memorandum and Order dated June 25, 2007 (Docket #57), the Court prohibited Plaintiff from making any further filings in the United States District Court for the Southern District of Texas without the Court's express written permission. Plaintiff now moves for such permission in his Motion for Court's Permission to Submit Documents (Docket #62), asking leave to file a Notice of Appeal (Docket #64) even though the normal thirty-day deadline for such a notice has expired under Rule 4(a) of the Federal Rules of Appellate Procedure. Recognizing the importance of the appeals process in our judicial system for all litigants, even those who stray from the standards of professionalism and decorum expected before the Court, Plaintiff's Motion for Court's Permission to Submit Documents (Docket #62) is **GRANTED**. However, for the reasons explained below, the Court hereby **CERTIFIES** that Plaintiff's appeal is not taken in good faith pursuant to Rule 24(a)(3) of the Federal Rules of Appellate Procedure. All of Plaintiff's other motions in this case are therefore **DENIED WITHOUT PREJUDICE**.

Under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, the Court may extend the time to file a notice of appeal if a party so moves within thirty days of the deadline for such notice and shows excusable neglect or good cause for failing to meet that deadline. However,

when the party moving for the extension was permitted to proceed *in forma pauperis* in the district court action, as Plaintiff was, and desires to proceed *in forma pauperis* on appeal, as Plaintiff does, Rule 24(a)(3) of the Federal Rules of Appellate Procedure allows the District Court to refuse to allow the *in forma pauperis* appeal by certifying that the appeal is not taken in good faith.

The Court is sympathetic to Plaintiff's excuses for failing to meet the deadline for a Notice of Appeal in this case, but it is convinced that the appeal is not taken in good faith. As explained in the Court's Memorandum and Order of June 25, 2007 (Docket #57) and reaffirmed in the Court's Memorandum and Order of July 30, 2007 (Docket #61), Plaintiff's claims are all barred, either by clear statutes of limitation, by principles of res judicata, or both. Plaintiff offers no serious argument to the contrary.

The Court therefore **CERTIFIES** that Plaintiff's appeal is not taken in good faith. The Court instructs the district clerk to notify the parties and the court of appeals immediately pursuant to Rule 24(a)(4). All of Plaintiff's motions before the Court are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

SIGNED this 2nd day of October, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT